IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EARL HILL,<br><br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN LEON HILL,<br><br>　　　　Respondent. | CASE NO. 1:21-cv-1526<br><br>DISTRICT JUDGE<br>BENITA Y. PEARSON<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT & RECOMMENDATION** |

　　　　Pro se Petitioner Earl Hill filed a petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Docs. 1, 4. Hill is in custody at the Marion Correctional Institution due to a journal entry of sentence in the case *State v. Hill*, Lorain County Court of Common Pleas, Case No. 88-CR-36295 (filed March 28, 1989). The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the petition be dismissed.

　　　　**Summary of facts**

　　　　In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

The Ohio Court of Appeals for the Ninth Appellate District summarized the facts underlying Hill's conviction as follows:

> The victim, Patricia, is a seventeen year old woman, married and the mother of an infant. In the early morning hours of May 22, 1988, Patricia and her child returned home from an evening with friends. Before taking the infant into the apartment, Patricia entered her home to insure that the premises were safe. Patricia's husband was in the county jail, the exterior lock had been unuseable for some time and the neighborhood had faced its own problems with crime. Patricia testified that she went through the apartment. Upon exiting, she was grabbed by Hill, choked and threatened. Fearing harm to her infant and herself she testified that she succumbed to his force. Thereafter, Patricia testified that Hill raped her.
>
> From the events of this evening, Hill was indicted for aggravated burglary, aggravated robbery, kidnapping and four counts of rape, with each count accompanied by a specification. The aggravated robbery charge was dismissed. The jury was hung on one count of rape but found Hill guilty of all other charges. The specifications were submitted to the trial court. The trial court nolled the rape count on which the jury had been hung and nolled all specifications. Hill moved for a new trial based on the trial court's denial of his motion for a jury view and to set aside his convictions based on ineffective assistance of counsel. Both motions were denied. The trial court imposed sentences according to law.

*State v. Hill*, No. 89-CA-4554, 1989 WL 117278, at *1 (Ohio Ct. App. Oct. 4, 1989).

**Procedural background**

*Trial and sentencing*

At trial, the jury found Hill guilty of aggravated burglary (count 1), rape (counts 2, 3, and 5), and kidnapping (count 7). Doc. 12-1, at 5 (Exhibit 1), at 11 (Exhibit 2). On March 27, 1989, the trial court sentenced Hill to five to twenty-five years in prison for each count. *Id*. at 10. Counts 1, 2, and 3 were run consecutively, and counts 5 and 7 were run concurrently to the other counts, for a total of 15 to 75 years in prison. *Id*. at 11. The court filed its sentencing entry the next day. *Id*. at 10.

*Direct appeal*

On April 24, 1989, Hill, through counsel, appealed to the Ohio court of appeals. Doc. 12-1, at 14 (Exhibit 3). In his brief, Hill raised the following assignments of error:

> 1. The trial court erred by overruling appellant's motion to set aside the conviction on the grounds of ineffective assistance of counsel.
>
> 2. The trial court improperly refused to allow a jury view.
>
> 3. The trial court improperly excluded testimony regarding [the] victim's prior statements.
>
> 4. The verdict was against the manifest weight of the evidence.

*Id*. at 6–8 (Exhibit 1). On October 4, 1989, the Ohio court of appeals affirmed Hill's conviction. *Id*. at 8.

3

On November 22, 1989, Hill pro se appealed to the Ohio Supreme Court. Doc. 12-1, at 17 (Exhibit 4). On January 31, 1990, the Ohio Supreme Court dismissed Hill's appeal for "no substantial constitutional question" and overruled Hill's jurisdictional motion. *Id.* at 19 (Exhibit 5).

*Delayed motion for a new trial*

More than eight years later, on October 20, 1997, Hill filed in the trial court a delayed motion for a new trial based on newly discovered evidence. Doc. 12-1, at 21–22 (Exhibit 6). The trial court stated that Hill failed to present new evidence in support and denied his motion. *Id.* at 22.

Hill appealed to the Ohio court of appeals. *Id.* at 21. He argued that the trial court abused its discretion when it denied his motion without holding an evidentiary hearing. *Id.*

On September 24, 1998, the Ohio court of appeals affirmed the trial court's judgment. The appellate court found that Hill failed to meet any of the criteria of Ohio Criminal Rule 33—he "mere[ly] assert[ed]" that he was innocent and cited no new evidence, and his motion was untimely. *Id.* at 22–23. Hill did not appeal to the Ohio Supreme Court. Doc. 12-1, at 26 (Exhibit 7).

*Sexual predator classification*

Meanwhile, on August 27, 1998, the trial court held a hearing and classified Hill as a sexual predator. Doc. 12-1, at 28 (Exhibit 8). Hill did not appeal the trial court's finding.

4

*Post-conviction motions*

On April 8, 2015, Hill filed in the trial court a motion requesting judicial release. Doc. 12-1, at 34 (Exhibit 9). On May 21, 2015, the court denied Hill's motion. *Id*.

On October 24, 2016, Hill filed in the trial court a motion for a re-sentencing hearing and to void his sentence for the trial court's failure to advise him of post-release control. Doc. 12-1, at 34. On March 22, 2017, the trial court issued a nunc pro tunc order to correct Hill's March 1989 sentencing entry to state that Hill was convicted by a jury trial rather than a guilty plea. *Id*. at 37 (Exhibit 10). On March 24, the trial court denied Hill's motions. *Id*. at 34.

In April 2017, Hill appealed to the Ohio court of appeals. Doc. 12-1, at 39 (Exhibit 11). On July 24, 2017, the Ohio court of appeals dismissed Hill's appeal. *Id*., at 40. Hill did not appeal to the Ohio Supreme Court. *Id*.

*Motion to correct a void judgment*

On June 26, 2020, Hill filed in the trial court a motion to correct a void judgment. Doc. 12-1 at 42 (Exhibit 12). He argued that trial counsel was ineffective because counsel hadn't argued that Hill's rape, aggravated burglary, and kidnapping convictions were allied offenses subject to merger. *Id*. at 42–45. As a result, Hill stated, Hill's sentences should have run concurrently, rather than consecutively. *Id*.

On September 10, 2020, the trial court denied Hill's motion. Doc. 12-1, at 52 (Exhibit 13). The same day, the court's bailiff sent a letter to Hill

5

explaining that there was a separate animus to commit aggravated burglary and two of the rape counts, so they were not allied offenses. *Id.* at 54 (Exhibit 14). The letter also explained that Hill's sentence for the third rape count and kidnapping ran concurrently to the other sentences, so no additional prison time was imposed. *Id.*

On October 15, 2020, Hill appealed to the Ohio court of appeals. Doc. 12-1, at 56 (Exhibit 15). On December 9, 2020, the court of appeals dismissed Hill's appeal as untimely. *Id.* at 60–61 (Exhibit 16,). On January 20, 2021, Hill moved for reconsideration, arguing that the "mailbox rule" applied to make his appeal timely. *Id.* at 63–65 (Exhibit 17). On February 8, 2021, the Ohio court of appeals denied Hill's motion. *Id.* at 66–67 (Exhibit 18).

On March 10, 2021, Hill appealed to the Ohio Supreme Court. Doc. 12-1, at 71 (Exhibit 19). In his memorandum in support of jurisdiction, he raised the following propositions of law:

> I. The Appeals Court was in error and Appellant was prejudice[d] when the Court refused to acknowledge Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379; 1988 U.S. LEXIS 2875 (1988) concerning a timely Notice of Appeal.
>
> II. The Appeals Court was in error and Appellant was prejudice[d] when the Court willfully, consciously, and intelligently ruled contrary to law when there was no opposition by the State.

*Id.* at 76 (Exhibit 20). On April 27, 2021, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Hill's appeal. *Id.* at 89 (Exhibit 22).

6

*Federal habeas petition*

On August 5, 2021, Hill filed a federal habeas corpus petition under 28 U.S.C. § 2254.[1] Doc. 1. In October 2021, he filed an Amended Petition. Doc. 4. He raised the following ground for relief:

> **Ground one**: Motion to correct a void judgment pursuant to State v. Logan, 60 Ohio St. 3d 126, 397 N.E. 2d 1345 (Ohio 1979) Precedent ruling.[2]
>
> *Supporting facts*: According to O.R.C. § 2929.41(A), all state and federal sentences shall run concurrently. Unless the trial court override O.R.C. § 2929.41(A) and specific according to O.R.C. § 2929.14(c)(4)(a), (b),(c) must be incorporated in the court's original trial transcripts as well as in its original sentencing journal entry otherwise, the trial court's sentencing is "contrary to law—void!"

Doc. 4, at 5, 11–12. The Warden filed a Return of Writ, Doc. 12, and Hill filed a Traverse, Doc. 13.

---

[1] A petition is deemed filed when a petitioner places it the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270 (1988). But Hill doesn't state when he placed his original petition in the prison mailing system. *See* Doc. 1. So I use the date that the Clerk's Office received it for filing. Also, even though Hill filed an Amended Petition about two months after his original petition, I use the earlier, original petition date for purposes of evaluating whether Hill's Amended Petition is time-barred. This is so because Hill's "original and amended petitions state claims that are tied to a common core of operative facts." *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) (applying Federal Rule of Civil Procedure 15(c)(2) to federal habeas petitions when evaluating the statute of limitations); *compare* Doc. 1, at 5 (original petition) *with* Doc. 4, at 5 (amended petition).

[2] Hill's ground for relief is reproduced as written and has not been edited.

7

**Law and Analysis**

*1.  Hill's petition is time-barred and tolling principles do not excuse the time bar*

The Warden argues that Hill's petition is barred by the statute of limitations and that Hill is not entitled to tolling principles to excuse the time bar. Doc. 12, at 7–14.

*1.1  Hill's petition is time-barred*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 ("AEDPA"), provides a one-year limitations period in a habeas action brought by a person in custody from a state court judgment. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

8

The Warden asserts, and Hill does not dispute, that section 2244(d)(1)(A) is the only section that applies to his case. Doc. 12, at 10. In his sole ground for relief, Hill argues that his sentence violates Ohio law. Doc. 4, at 5, 11–12. Hill cites the Ohio Revised Code and a 1979 Ohio Supreme Court case in support. *Id*. So the only section that is relevant to Hill's petition is section 2244(d)(1)(A)—when Hill's conviction became final.

Hill's conviction became final on May 1, 1990. This is so because the Ohio Supreme Court dismissed Hill's appeal on direct review on January 31, 1990. Doc. 12-1, at 19. Hill had 90 days—until May 1, 1990—to seek certiorari in the United States Supreme Court. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Hill didn't seek certiorari in the United States Supreme Court, so his case was final on May 1, 1990. The limitations period expired on April 24, 1997, one year after AEDPA's effective date. *See Brown v. Haviland*, 23 F. App'x 244, 245 (6th Cir. 2001) ("Because Brown's convictions became final before the effective date of the AEDPA, Brown had one year after the effective date in which to file his federal habeas petition."); *see also Williams v. Coyle*, 167 F.3d 1036, 1037–38 (6th Cir. 1999) (explaining that under *Lindh v. Murphy*, 521 U.S. 320 (1997), the amendments to 28 U.S.C. § 2254 applied "only when [a] case[] had been filed after the date of the Act"). Hill's petition, filed in August 2021, is about 24 years too late.

Even if the trial court's August 1998 finding that Hill was a sexual predator could be said to restart the limitations period, *see Bachman v. Wilson*,

9

747 F. App'x 298, 304–08 (6th Cir. 2018), Hill's petition is still time-barred. Hill didn't appeal the trial court's order finding him to be a sexual predator, so any limitations period would have expired a year later in 1999, well before Hill's August 2021 petition.

And while the trial court issued a nunc pro tunc entry in March 2017, that entry doesn't restart the limitations period. If a trial court's nunc pro tunc entry changes the petitioner's sentence to the petitioner's detriment, the nunc pro tunc entry will re-start the limitations period. *See Crangle v. Kelly*, 838 F.3d 673, 678–79 (6th Cir. 2016). But a "nunc pro tunc order [which] merely correct[s] a record to accurately reflect the court's actions, … would not be a new sentence that resets the statute of limitations under § 2244(d)(1)(A)." *Id.* at 680. Here, the trial court's 2017 nunc pro tunc entry corrected an error— "the manner of [Hill's] conviction was trial by jury rather than a guilty plea." Doc. 12-1, at 37. Because the nunc pro tunc entry didn't change Hill's sentence, it didn't re-start the limitations period under section 2244(d)(1)(A). *See Crangle*, 838 F.3d at 680.

Even if the 2017 nunc pro tunc entry could be said to have re-started the limitations period, Hill's petition is still time-barred. It isn't clear whether Hill appealed the trial court's nunc pro tunc entry to the Ohio court of appeals. *See* Doc. 12-1, at 39–40 (docket sheet indicating that Hill filed an appeal but not showing which of the trial court's four March 2017 orders Hill appealed). Even if Hill had appealed the nunc pro tunc entry, the Ohio court of appeals

10

dismissed Hill's appeal on July 24, 2017. *Id*. at 40. Hill had 45 days—until September 7, 2017—to appeal to the Ohio Supreme Court. *See* Ohio S.Ct.Prac.R. 7.01. But Hill did not appeal. So the limitations period began running the day after Hill's appeal was due, on September 8, 2017, and expired one year later, on September 10, 2018. *See Bronaugh*, 235 F.3d at 285 (the statute of limitations begins running the day after the event or default). That makes Hill's August 2021 habeas petition about three years late.

In his traverse, Hill asserts that the Ohio General Assembly "repealed [Hill's] former indefinite sentences." Doc. 13, at 3. It is true that after Hill was sentenced:

> the Ohio legislature eliminated indefinite sentences. Defendants convicted after July 1, 1996, received a definite term of incarceration, followed by a term of supervised release. In light of the change, the Ohio Adult Parole Authority amended the state's parole guidelines and set forth a series of calculations to give a projected parole eligibility date to inmates convicted prior to July 1, 1996, and to guide the discretion of parole officers.

*Mubashshir v. Bradshaw*, 525 F. App'x 346, 347 (6th Cir. 2013).

To the extent that Hill's discussion of the change in Ohio law described above improperly raises in the traverse a new ground for relief, the Court need not consider it. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2000) (a petitioner may not raise in the traverse a new ground for relief).

To the extent that Hill is arguing that he is entitled to a different limitations start-date under section § 2244(d)(1), his argument fails. Even if

11

the change in Ohio law could constitute a different limitations period, that change occurred in 1996, so Hill's 2021 federal habeas petition is still time-barred. And Hill hasn't identified any other limitations triggering date. Moreover, a triggering date based on a change in Ohio law about indefinite sentences has no bearing on Hill's sole ground for relief in his amended petition, in which Hill challenges the consecutive nature of his sentences, rather than the indefinite nature of his sentences.

For all these reasons, Hill's petition is time-barred.

### 1.2 *Tolling principles do not excuse the time bar*

The statute of limitations is tolled for any period in which a "properly filed" petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (quoting 28 U.S.C. § 2244(d)(2)). The statutory tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

Statutory tolling principles do not save Hill's petition from being time-barred. As explained above, the limitations clock started running on April 24, 1996, ran undisturbed for one year, and expired on April 24, 1997. None of Hill's later filings tolled the limitations period because the limitations period had already expired when Hill filed them. *See Vroman*, 346 F.3d at 602.

12

The outcome is the same using the alternative dates. If the limitations period started running in the fall of 1998, after the trial court found Hill to be a sexual predator, the clock ran undisturbed for one year and expired in the fall of 1999. And if the limitations period began running in September 2017, after the trial court's nunc pro tunc entry, it ran undisturbed for one year and expired in 2018.

Petitioners may also be entitled to "equitable tolling" when they have been "pursuing [their] rights diligently" and "some extraordinary circumstance" prevented them from timely filing their habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). Petitioners bear the burden of "persuading the court" that they are entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Hill has not argued that he is entitled to equitable tolling. He has not alleged facts from which one could construe an equitable tolling argument. Hill's pro se status doesn't entitle him to equitable tolling. *See Harvey v. Jones*, 179 F. App'x 294, 299 (6th Cir. 2006) ("ignorance of the law, even for an incarcerated *pro se* petitioner, 'is not sufficient to warrant equitable tolling.'") (quoting *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)).

Finally, a claim of "actual innocence" may overcome the one-year statute of limitations if the petitioner "demonstrates actual innocence so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. App'x 606,

13

609 (6th Cir. 2012) (citing *Murray v Carrier*, 477 U.S. 478, 495–96 (1986)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court underscored that "the miscarriage of justice exception ... applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schulp*, 513 U.S. at 329). The timing of an actual innocence claim can "seriously undermine the credibility" of the claim, if a petitioner presents it after a period of "[u]nexplained delay." *Id.* at 399–400.

Even if actual innocence could overcome the time-bar in a habeas case challenging a sentence rather than a conviction, Hill has not alleged actual innocence. *See Gatewood v. United States*, 979 F.3d 391, 394 n.1 (6th Cir. 2020) ("it is an open question in this circuit whether actual innocence can excuse procedural default in a challenge to a noncapital sentence") (citing *Gibbs v. United States*, 655 F.3d 473, 477–78 (6th Cir. 2011)); *see Smith v. United States*, No. 23-5367, 2023 WL 7183130, at \*1 (6th Cir. Sept. 12, 2023) (applying the actual-innocence-in-sentencing statement in *Gatewood* to the statute of

14

limitations context). Because Hill hasn't presented an actual innocence claim, the Court need not address it. *See Gatewood*, 979 F.3d at 394, n.1.

Hill hasn't shown that he is entitled to tolling principles and he hasn't shown actual innocence, so his petition remains time-barred.

2. *Hill's ground for relief is not cognizable*

Alternatively, Hill's ground for relief is not cognizable because Hill challenges the trial court's application of Ohio's sentencing laws. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); *see Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (an alleged violation of state sentencing laws is not cognizable on federal habeas review) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Thompson v. Bracy*, No. 1:19-cv-58, 2022 WL 676288, at *23 (N.D. Ohio Jan. 14, 2022) (claim that the trial court failed to make findings under Ohio Revised Code § 2929.14(C)(4) before imposing consecutive sentences rests on state law and is not cognizable), *report and recommendation adopted*, 2022 WL 911260 (N.D. Ohio Mar. 29, 2022).

Hill hasn't shown that his ground for relief implicates federal constitutional concerns. *See Oregon v. Ice*, 555 U.S. 160, 171 (2009) (state trial court's imposition of consecutive sentences does not implicate federal constitutional concerns). And he hasn't alleged that his sentence exceeds the statutory range. *See, e.g., Croce v. Miller*, No. 1:15-cv-1758, 2017 WL 3394046, at *22 (N.D. Ohio July 12, 2017) (rejecting the petitioner's claim that

15

consecutive sentences violated the petitioner's due process rights because there is no federal constitutional issue when a state sentence is within the state statutory range) (collecting cases), *report and recommendation adopted*, 2017 WL 3382665 (N.D. Ohio Aug. 7, 2017). So, alternatively, Hill's ground for relief is not cognizable.

### Conclusion

For the reasons set forth above, I recommend that Hill's petition be dismissed.

Dated: November 14, 2023

                                        */s/ James E. Grimes Jr.*
                                        James E. Grimes Jr.
                                        U.S. Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).